IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JAYSON C.,[1]

Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant.

No. 1:25-cv-00168-YY

OPINION AND ORDER

YOU, Magistrate Judge.

Plaintiff Jayson C. has filed a Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) on grounds that this court's decision contains manifest errors of law. ECF 22. Plaintiff argues the court failed to accurately frame and apply the credit-as-true analysis and ordered an impermissible remand for a "second bite at the apple."

"The ordinary remand rule applies equally to Social Security cases." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). While courts generally remand to the agency for additional investigation or explanation, the court has the authority to remand for the immediate award of benefits. *Treichler*, 775 F.3d at 1100 (citing 42 U.S.C. §405(g) (indicating the court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

without remanding the cause for a rehearing”). The decision to remand for immediate award of benefits is within the court’s discretion. *Treichler*, 775 F.3d at 1100. Because “case law strikes a balance between the ordinary remand rule that generally guides [the court’s] review of administrative decisions and the additional flexibility provided by § 405(g),” the court will “generally remand for an award of benefits only in rare circumstances, where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed.” *Id.* (simplified, citations omitted); *see also Lewin v. Schweiker,* 654 F.2d 631, 635 (9th Cir 1981) (“If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded.”).

The Ninth Circuit has developed a three-part credit-as-true standard, “each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits.” *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). The court first asks whether the “ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.” *Id.* Second, if the ALJ has erred, the court determines “whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful.” *Treichler*, 775 F.3d at 1101 (simplified, citations omitted). “Administrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence . . . may well prove enlightening in light of the passage of time.” *Id.* (simplified, citations omitted). “Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate.” *Id.*

Third, if the court concludes that no outstanding issues remain and further proceedings would not be useful, the court may find the relevant testimony credible as a matter of law, and then determine whether the record, taken as a whole, leaves "not the slightest uncertainty as to the outcome of [the] proceeding." *Id.* (quoting *N.L.R.B. v. Wyman–Gordon,* 394 U.S. 759, 766 n. 6 (1969)).

When all three elements are satisfied, a case raises the "rare circumstances" that allow the court to exercise its discretion to depart from the ordinary remand rule. *Treichler*, 775 F.3d at 1101. But, "[o]f course, even when those 'rare circumstances' are present, the decision whether to remand a case for additional evidence or simply to award benefits is in [the court's] discretion." *Id.* at 1101–02 (simplified, citations omitted). The Ninth Circuit has recognized that courts "have frequently exercised our discretion to remand for further proceedings, rather than for benefits." *Id*. at 1102 (citing *Connett v. Barnhart,* 340 F.3d 871, 874–76 (9th Cir. 2003)). The court has "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021.

Here, with respect to the first factor, the court found the ALJ erred in rejecting his subjective symptom testimony as follows:

- The ALJ erred in finding plaintiff's normal status exams established an inconsistency between his symptom testimony and the objective medical evidence because someone with fibromyalgia may have muscle strength, sensory functions, and reflexes that are normal. The ALJ cited to medical records to show inconsistencies between plaintiff's testimony and the medical

record, but the information in those records in fact supported plaintiff's symptom testimony.

- The ALJ found that plaintiff chose to engage in limited pain management, but plaintiff suffered adverse reactions from certain prescribed medication and his insurance did not cover physical therapy.
- The ALJ discounted plaintiff's testimony based on his activities of daily living, including fence building, housecleaning, and socializing, but the extent to which plaintiff reported he could occasionally perform these activities was not inconsistent with his reports of limitations and pain.

The court also found the ALJ erred in discounting certain medical opinions as follows:

- The ALJ mischaracterized the records of Thomas Warren Roseland, CNP, and did not account for the fact that an essentially normal physical examination may be consistent with debilitating fibromyalgia.
- The ALJ erroneously rejected the opinion of Nat Fondell, MD, for various reasons, including that he completed a check-the-box form, he based the limitations on what other people with similar diagnoses may experience, although Dr. Fondell in fact based his opinion on plaintiff's diagnoses and his experience of treating plaintiff for over two years, and his examination and testing revealed objectively normal findings.

The record has been fully developed. However, conflicts in the evidence remain to be resolved, including the medical opinions of Kevin Cuccaro, D.O., and Wyatt Rousseau, M.D., and medical records indicating "mild fibro." Tr. 126, 146, 461, 465 (Rheumatology Clinic records indicating "mild fibro"). The ALJ also gave other reasons for rejecting Roseland's

opinion, including that Roseland used "equivocal language that fails to articulate the extent of the intended limitations" and recommended a further rheumatologic evaluation to "prevent early and severe disability," which the ALJ construed as an indication that plaintiff's "function was not yet that impaired." Tr. 29.

Additionally, with respect to plaintiff's activities of daily living, there is an arguable inconsistency between plaintiff's subjective symptom testimony and the record where plaintiff reported 1 out of 5 answers when asked "I can lift heavy weights, but it causes increased pain," "Pain prevents me from walking more than a mile," and "My normal homemaking/job activities increase my pain, but I can still perform all that is required of me," and 2 out of 5 answers when asked "Pain prevents me from sitting for more than 1 hour," "Pain prevents me from standing more than 1 hour," and "Pain prevents me from participating in more energetic activities (e.g., sports, dancing)." Tr. 454.

Under these circumstances, the appropriate remedy is to remand the matter for further proceedings. *Treichler*, 775 F.3d at 1094 (remanding for further proceedings rather than for an award of benefits, "[g]iven the conflicts and ambiguity that remain in the record"). Because the record is not free of conflicts, the court does not reach the third step of the credit-as-true analysis. *Id.* at 1107. And even if the third step of the credit-as-true analysis were satisfied in this case, remand for immediate award of benefits is appropriate only in rare instances, which this case is not based on the record described above.

Plaintiff argues that remanding for further proceedings gives the Commissioner a "second bite at the apple." Mot. 11 (citing *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004); *Moisa v. Barnhart*, 367 F.3d 882 (9th Cir. 2004). But the credit-as-true analysis does not eliminate the

ordinary remand rule, and the court "leave[s] it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Treichler*, 775 F.3d at 1098.

**CONCLUSION**

The Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (ECF 22) is denied.

IT IS SO ORDERED.

DATED September 1, 2026.

/s/ Youlee Yim You

Youlee Yim You
United States Magistrate Judge